UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL ANDRE PEAVY,

    Plaintiff,

v.                                  Case No. 3:19-cv-334-LC/MJF

ESCAMBIA COUNTY SHERIFFS
OFFICE and LATONYA CROCKER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the order to show cause issued by the undersigned on May 22, 2019. For the following reasons, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee and failure to comply with two court orders.[1]

**I.   Background**

On February 5, 2019, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging: (1) his detention was unlawful; (2) a failure to advised him of his *Miranda* rights; (3) violations of his Fifth Amendment rights; (4) violations of his Sixth

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

Amendment rights; (5) violation of his Eighth Amendment Rights; (6) a failure to inform of his rights in court proceedings; (7) that his original sentence was not based on sufficient evidence; and (8) defendants had formed a conspiracy to prevent Plaintiff from seeking legal relief. (Doc. 1 at 8). Plaintiff named two defendants: the Escambia County Sheriff's Office and LaTonya Crocker. (*Id.* at 2).

On February 6, 2019, Plaintiff informed the court of a change of address. (Doc. 6). This change of address apparently resulted from Plaintiff's release from the Escambia County Jail. *Id.* In a subsequent filing, Plaintiff confirmed his address. (Doc. 8 at 1).

On April 15, 2019, the undersigned denied Plaintiff's motion to proceed *in forma pauperis* (Doc. 8) without prejudice and directed the Plaintiff to either (1) pay the $400.00 filing fee, (2) submit a completed motion to proceed *in forma pauperis*, or (3) file a notice of voluntary dismissal. (Doc. 9 at 1-2). Plaintiff was given thirty days to comply with that order and was warned that failure to comply likely would result in dismissal for failure to comply with an order of the court, failure to prosecute, failure to pay the filing fee or properly seek to proceed *in forma pauperis*. (*Id.*). This order was returned as undeliverable. (Doc. 10).

On May 22, 2019, to determine whether the Plaintiff was still interested in prosecuting this case, the undersigned issued an order directing the Plaintiff to show cause, if any, why this case should not be dismissed for failure to comply with an

order of the court, failure to pay the filing fee or file a motion to proceed *in forma pauperis*, or failure to prosecute. (Doc. 11). The undersigned again provided Plaintiff thirty days to comply with this order and again warned Plaintiff that failure to comply likely would result in dismissal of this action. This order, too, was returned as undeliverable. (Doc. 12). The deadline imposed by the undersigned has passed, and Plaintiff has neither paid the filing fee, submitted a completed motion for leave to proceed *in forma pauperis*, nor responded to the undersigned's order to show cause.

## II.  Discussion

The undersigned recommends that this Court dismiss Plaintiff's complaint for two reasons: (1) Plaintiff failed to pay the filing fee; and (2) Plaintiff failed to comply with two court orders.

### A.  **Failure to Pay the Filing Fee or Seek to Proceed *in forma pauperis***

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"), was enacted "[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). In pursuit of that goal, the PLRA amended portions of 28 U.S.C. § 1915 to require the payment of filing fees by prisoners proceeding in the district court. *Id.* The PLRA "clearly and unambiguously requires" payment of the filing fee, even if that is done in installments. *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th

Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)); *see Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002) (citing 28 U.S.C. § 1915(3)(b)(1)). Additionally, the local rules for the Northern District of Florida require a "party who files . . . a civil case [to] simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3.

Local Rule 41.1 for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order. N.D. Fla. Loc. R. 41.1. Before a court may dismiss an action for failure to pay the filing fee, the court must first afford the plaintiff an opportunity to explain the failure. *Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). If a prisoner-litigant "does not comply with the district court's directions" to pay the filing fee or complete a motion to proceed *in forma pauperis* nor offers an explanation for his failure to do so, "the district court must presume that the prisoner is not a pauper, assess the entire filing fee, and dismiss the case for want of prosecution." *Bomer v. Lavigne*, 76 F. App'x 660, 661 (6th Cir. 2003).

Here, the undersigned ordered the Plaintiff to either pay the $400.00 filing fee or file a motion for leave to proceed as a pauper. (Doc. 9). The undersigned warned the Plaintiff that the failure to comply with the court order likely would

Page 4 of 9

result in dismissal of this action. The undersigned subsequently issued an order to show cause, giving the Plaintiff thirty days to explain why he failed to pay the filing fee or submit a motion for leave to proceed *in forma pauperis*. *See Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). In that order, the undersigned again warned the Plaintiff that his failure to pay the filing fee, seek leave to proceed *in forma pauperis,* or explain his failure to comply with the court's previous order likely would result in dismissal of this action. (Doc. 11). Despite these warnings and an opportunity to explain his failure to comply, Plaintiff has not explained his failure to pay the filing fee. For this reason, the undersigned recommends that this case be dismissed without prejudice.

### B. **Failure to Comply with Court Orders**

There is a second reason to dismiss this action: Plaintiff has failed to comply with two court orders.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it

or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1)** **The duration of the Plaintiff's failure to comply.** The undersigned issued the order directing Plaintiff to pay the filing fee on April 15, 2019, giving the Plaintiff thirty days to comply. As of today, Plaintiff has failed to comply with the undersigned's order. In fact, the order was returned as "undeliverable." On May 22, 2019, the undersigned issued an order to show cause as to why Plaintiff failed to comply with the undersigned's order and provided Plaintiff thirty days to respond. That order also was returned as undeliverable, and Plaintiff has not yet responded.

**(2)** **The Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with the following orders:

      a.      the undersigned's order of April 15, 2019; and

      b.      the undersigned's order of May 22, 2019.

**(3)** **Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned specifically warned the Plaintiff that failure to comply with the respective orders could result in dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite this warning, Plaintiff has not responded and has not complied with the undersigned's orders. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (noting that Plaintiff's "failure to receive the court's prior order, and his failure to comply with that order was 'entirely' his own fault" because he failed to keep the court apprised of his current address).

**(4)** **The Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, the Plaintiff may refile his claim should he choose to pursue it in the future. Furthermore, he has not paid the filing fee, so he will not forfeit any money. Thus, dismissal will not result in substantial prejudice to him.

**(5)** **The proper balance between alleviating court calendar congestion and protecting the Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that filing fees are paid and that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted outweighs any due process right that Plaintiff may have.

**(6) The public policy favoring disposition of cases on their merits.** Plaintiff has not made any effort to comply with court orders, pay the filing fee, prosecute this action, or keep the clerk of the court apprised of his current address. *See Gilbert*, 725 F. App'x at 792. Those orders are designed to facilitate the disposition of cases on their merits. The policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving towards a final disposition, the need to ensure that filing fees are paid, and the need to ensure compliance with court orders.

**(7)** **The fact that any lesser sanction would be inefficacious.** Upon filing a pro se complaint, the Plaintiff received a packet from the clerk of court informing Plaintiff that he was required to notify the clerk of court in writing if Plaintiff's mailing address has changed. Plaintiff has failed to update the clerk of court with a correct mailing address insofar as two orders have been returned "undeliverable."

Plaintiff's failure to update his address and his failure to comply with the undersigned's orders suggest that Plaintiff is unlikely to comply with any future orders. Imposition of a fine also likely would be inefficacious. Dismissal is the most appropriate sanction to address the important interests discussed above.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for failure to comply with multiple court orders, failure to prosecute, and failure to pay the filing fee.

2. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida this 24th day of June 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.